**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 13-4741**

───────────

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

TERRY LEE HAGAN,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, Chief District Judge.  (3:13-cr-00057-1)

───────────

Submitted:  January 23, 2014        Decided:  January 27, 2014

───────────

Before MOTZ, GREGORY, and THACKER, Circuit Judges.

───────────

Affirmed in part, dismissed in part by unpublished per curiam opinion.

───────────

W. Michael Frazier, FRAZIER & OXLEY, L.C., Huntington, West Virginia, for Appellant. Richard Gregory McVey, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terry Lee Hagan pleaded guilty to distribution of oxycodone, in violation of 21 U.S.C. § 841(a) (2012). The district court sentenced Hagan to 216 months of imprisonment and he now appeals. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether Hagan's sentence is reasonable. Hagan filed pro se supplemental briefs raising additional issues. In addition, the Government has filed a motion to dismiss the appeal based on the waiver in the plea agreement. For the reasons that follow, we affirm in part and grant the Government's motion to dismiss in part.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). A waiver will preclude appeal of a specific issue if the waiver is valid and the issue is within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). The question of whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. Id. at 168.

"The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." Id. at 169 (citation omitted). To determine

2

whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991).

We have thoroughly reviewed the record and conclude that the district court fully complied with the requirements of Rule 11. We further conclude that Hagan's waiver of his appellate rights was knowing and intelligent. The appellate waiver forecloses Hagan's right to appeal any issues related to his conviction or the sentence imposed, except a sentence above the statutory maximum, and excepting claims of ineffective assistance of counsel. Here, the district court sentenced Hagan below the statutory maximum. Therefore, Hagan has waived appellate review of his conviction and sentence.

In his pro se supplemental briefs, however, Hagan argues that trial counsel rendered ineffective assistance. To prove a claim of ineffective assistance of counsel, a defendant

3

must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). Moreover, we may address a claim of ineffective assistance on direct appeal only if the lawyer's ineffectiveness conclusively appears on the record. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). We have thoroughly reviewed the record and conclude that Hagan has failed to demonstrate that ineffective assistance of counsel conclusively appears on the record.[*]

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. Accordingly, we affirm the judgment in part and grant the Government's motion to dismiss in part. This court requires that counsel inform Hagan, in writing, of the right to petition the Supreme Court of the United States for further review. If Hagan requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hagan. We dispense with oral argument because the facts and legal contentions are adequately presented in the

---

[*] We have also considered the remaining issues in Hagan's pro se supplemental briefs and conclude that they lack merit.

4

materials before the court and argument would not aid in the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART
